IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Richard Walker, Jr.,, ) | C/A No. 8:14-cv-0996-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Dr. William Miles and Correct Care Solutions, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |

David Richard Walker, Jr., ("Plaintiff"), proceeding *pro se*, filed this civil action on March 21, 2014, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [Doc. 1.] On July 17, 2014, Plaintiff filed a motion for a temporary restraining order titled *Motion for Preliminary Injunction and Permanent Injunction*. [Doc. 41.][1] Defendants filed a response in opposition to Plaintiff's motion on July 24, 2014. [Doc. 46.] Plaintiff's motion is now ripe for consideration.

Plaintiff's motion seeks to have this Court "order the State's County of Lexington to have no longer care of the Plaintiff's medical needs due to . . . neglect and abuse of Plaintiff's condition." [Doc. 41 at 2.] Plaintiff also seeks to have this Court "order the County of Lexington to have the Plaintiff examined by an outside physician and also a professional in the above stated field conditions (pulmonary embolism and further in the field of deep vein thrombosis" and to have Plaintiff transferred to a facility recommended

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Motion for TRO and submit findings and recommendations to the district judge.

by the examiner so that he can be closely monitored. *Id.* Plaintiff alleges he is "in a chronic state and furthermore pain and in immediate need for a physician and doctor." *Id*. at 2.

Plaintiff's Motion should be denied. Under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010). Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.*

Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor. Facts alleged in Plaintiff's complaint, and in his motion, indicate that

Plaintiff has been provided some medical care, such that his claim for deliberate indifference to a serious medical need is not likely to succeed on the merits. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment). Plaintiff also fails to show that he will succeed on the merits because he gives no specific facts that make a showing of deliberate indifference to his medical needs. Moreover, Plaintiff has failed to allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief. Plaintiff merely speculates that he is in "immediate need of a physician or doctor", rather than provide the Court with specific information as to how he is likely to suffer irreparable harm absent an injunction.

## Recommendation

Accordingly, it is recommended that the district court deny Plaintiff's Motion for a temporary restraining order/immediate injunction. [Doc. 41.] **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

July 31, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).