# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Richard Walker, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.:8:14-cv-00996-JMC |
| ) | |
| Dr. William Miles and Correct Care ) | |
| Solutions, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff brought this action seeking relief pursuant to Title 42 U.S.C. § 1983. This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") (ECF No. 23), filed on April 16, 2014, recommending dismissing Defendant Correct Care Solution from this action *without* prejudice and *without* issuance and service of process. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his rights to file objections to the Report (ECF No. 23 at 6). However, Plaintiff filed no objections to the Report.

In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ACCEPTS** the Report and Recommendation (ECF No.23). For the reasons articulated by the magistrate judge, it is therefore **ORDERED** that Defendant Correct Care Solution is **DISMISSED** from this action *without* prejudice and without issuance and service of process.

 IT IS SO ORDERED.

*J. Michelle Childs*

United States District Judge

October 24, 2014
Greenville, South Carolina