**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| David Richard Walker, Jr., | ) | Civil Action No. 8:14-cv-00996-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Dr. William Miles and Correct Care | ) | |
| Solutions, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff David Richard Walker, Jr. ("Plaintiff"), filed this civil rights action pro se pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by Defendants Dr. William Miles and Correct Care Solutions (together "Defendants"). (ECF No. 1.)

This matter is before the court pursuant to a motion by Plaintiff for a "preliminary and permanent injunction." (ECF No. 41.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On July 31, 2014, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court denies Plaintiff's motion for preliminary/permanent injunction. (ECF No. 56.) Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF Nos. 59, 70.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's motion for preliminary/permanent injunction.

**I.    RELEVANT BACKGROUND TO MOTION FOR
PRELIMINARY/PERMANENT INJUNCTION**

The background facts of this matter are discussed in the Report and Recommendation. (See ECF No. 56.) The court concludes, upon its own careful review of the record, that the

Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's pending motion for preliminary/permanent injunction.

Plaintiff is a pretrial detainee in the Lexington County Detention Center. (ECF No. 1 at 2.) He filed this § 1983 action on March 21, 2014, alleging deliberate indifference to his serious medical needs. (Id. at 3–4.) Specifically, Plaintiff alleges that he has been denied medical attention from the start of his detention on March 4, 2013. (Id. at 3.)

On July 17, 2014, Plaintiff filed a motion for preliminary/permanent injunction seeking an order requiring that the "County of Lexington to have no longer care of the [P]laintiff's medical needs" and "have the Plaintiff examined by an outside physician and also a professional . . . and transferred to a facility that is recommended by those examiner[s]." (ECF No. 41.) Plaintiff asserts that he "is in a chronic state" and is "in immediate need for a physician and Doctor." (Id. at 2.) On July 24, 2014, Defendants filed opposition to Plaintiff's motion for preliminary/permanent injunction. (ECF No. 46.) The Magistrate Judge issued her Report and Recommendation on July 31, 2014, recommending that Plaintiff's motion for preliminary/permanent injunction be denied. (ECF No. 56.) Plaintiff filed objections to the Report and Recommendation on August 6 and August 20, 2014. (ECF Nos. 59, 70.)

## II.    LEGAL STANDARD

A.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections

are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

B.     Preliminary Injunctions Generally

The court's authority to issue preliminary injunctions arises from Fed. R. Civ. P. 65.  However, "[p]reliminary injunctions are not to be granted automatically."  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009).  Only after the plaintiff makes a clear showing that he is likely to succeed on the merits of his claim and that he is likely to be irreparably harmed absent injunctive relief may the court consider whether the balance of equities tips in his favor.  See Real Truth, 575 F.3d at 346–47.  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.  Real Truth, 575 F.3d at 347 (citing Winter, 555 U.S. at 24).

## III.     ANALYSIS

A.     The Report and Recommendation

The Magistrate Judge determined that Plaintiff's motion for preliminary/permanent

3

injunction should be denied because he has not made a showing that any of the four (4) injunction factors weigh in his favor. (ECF No. 56 at 2.) In this regard, the Magistrate Judge found that Plaintiff could not establish that (1) his claim for deliberate indifference to a serious medical need is likely to succeed on the merits; or (2) he is likely to suffer irreparable harm in the absence of injunctive relief. (Id. at 3.)

B.    Plaintiff's Objections to the Report and Recommendation

In his objections to the Report and Recommendation, Plaintiff disagrees with the Magistrate Judge that he cannot establish any of the four (4) injunction factors. Plaintiff argues as follows that his medical condition is so serious that he will suffer irreparable harm without an injunction:

> "In absent of a injunction relief the imparable harm and condition could be fatal and or also very seriorus and irreparably without expert testimony and/or medical balance of treatment, medication, relief and care to think similar of defendant could be extraordinary fatal; absent of injuctive relief the harm could balance to a 'clot' (blood clot) to Plaintiff's lung and be instantly 'fatal' and/or a 'clot' move into the brain and also be instantly 'fatal' and/or either cause servior brain damage and/or also cause servior nerve damage to both brain and/or lungs also hermmaging (bleed seviorly) in tissue and artries of brain, lung, and /or any part of the body it is displaced to."

(ECF No. 59 at 5 (all errors present in original).) He further argues that an injunction "would be at the public interest" to avoid "the possibi[li]ties of a . . . civil lawsuit against the state or county" regarding the treatment of his medical condition. (Id. at 17.) Moreover, Plaintiff argues that he has shown that the "balance of equities tips in that of Plaintiff's favor." (Id. at 18.)

C.    The Court's Review

Upon review of the complaint, its exhibits, Plaintiff's motion for preliminary/permanent injunction, and his objections to the Magistrate Judge's Report and Recommendation, the court finds that Plaintiff is unlikely to succeed on the merits to warrant granting his motion for

preliminary injunction.[1]     Therefore, the court must deny Plaintiff's motion for preliminary/permanent injunction.

## IV.     CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** the motion for preliminary/permanent injunction of Plaintiff David Richard Walker, Jr.  (ECF No. 41.)  The court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

October 27, 2014
Columbia, South Carolina

---

[1] The court notes that it granted Defendants' motion for summary judgment as to Plaintiff's claims on September 16, 2014.  (See ECF No. 79.)